MAM/JSW/dw                                                                                          8-603-58-70

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOTT E. PEPPERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2017-cv-3387 |
| | ) | |
| BENEDICTINE UNIVERSITY ("Benedictine") | ) | |
| Michael S. Brophy, in his official capacity as | ) | |
| Benedictine President; Chad Treisch, in his official | ) | |
| Capacity as Benedictine Executive Director of | ) | |
| Facilities and Planning; Marco Masini, in his | ) | |
| official Capacity as Benedictine Vice President for | ) | |
| Student Life; and Hope Keber, in her official | ) | |
| capacity as Benedictine Counseling Center Director. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT BENEDICTINE UNIVERSITY'S MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)

NOW COMES Defendant Benedictine University ("Benedictine"), by and through its attorneys, Kopon Airdo, LLC, and moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure with prejudice. In support of its Motion, Benedictine states as follows:

1.    Plaintiff has filed a three-count complaint against Benedictine and four individual defendants alleging causes of action for hostile work environment based on race and gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.* (Count I), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. Section 1981 (Count II), and the Illinois Civil Rights Act of 2006, 740 ILCS 24 (Count III).

2. Plaintiff's Complaint should be dismissed in its entirety as against Benedictine because Plaintiff is not seeking redress against Benedictine for any wrongful conduct. At Paragraph 7 of his Complaint, Plaintiff alleges that he has added Benedictine to the Complaint "for the sole purpose of indemnification." Plaintiff has not alleged any facts that support a claim by Plaintiff against Benedictine for "indemnification" to Plaintiff. More importantly, Benedictine does not owe Plaintiff such a duty.

3. Count I of the Complaint should be dismissed because the conduct alleged in support of the claim does not, as a matter of law, support a hostile work environment claim based on race and gender under Title VII and because, to the extent that the claim is based on conduct occurring before March 15, 2016, a claim based upon such conduct is time-barred.

4. Count II of the Complaint should be dismissed because Plaintiff has failed to state a claim under Section 1981.

5. Count III of the Complaint should be dismissed because Plaintiff has failed to state a claim under the Illinois Civil Rights Act.

WHEREFORE, for the reasons set forth in this Motion and Defendants' Joint Memorandum in Support of Their Motions to Dismiss, Defendant Benedictine University prays that this Honorable Court enter an Order granting its Motion to Dismiss Plaintiff's claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for such other relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED,

BENEDICTINE UNIVERSITY

By: _____
One of Its Attorneys

Maureen A. Murphy
Jolianne S. Walters
Kopon Airdo, LLC
233 South Wacker Drive, Suite 4450
Chicago, IL 60606
312/506-4450
312/506-4460 Fax

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I served the foregoing *Defendant Benedictine University's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)* by filing it electronically via the CM/ECF electronic filing system of the United States District Court for the Northern District of Illinois on July 5, 2017, which will cause the documents to be electronically sent to all parties of record.

/s/ Maureen A. Murphy