# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ELLIOTT E. PEPPERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2017-cv-3387 |
| | ) | |
| BENEDICTINE UNIVERSITY ("Benedictine") | ) | |
| Michael S. Brophy, in his official capacity as | ) | |
| Benedictine President; Chad Treisch, in his official | ) | |
| Capacity as Benedictine Executive Director of | ) | |
| Facilities and Planning; Marco Masini, in his | ) | |
| official Capacity as Benedictine Vice President for | ) | |
| Student Life; and Hope Keber, in her official | ) | |
| capacity as Benedictine Counseling Center Director. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(6) MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants Benedictine University ("Benedictine"), Michael S. Brophy, Chad Treisch, Marco Masini, and Hope Keber (collectively the "Individual Defendants"), by and through their attorneys, Kopon Airdo, LLC, and for their Joint Memorandum of Law in Support of Their Rule 12(b)(6) Motions to Dismiss ("Joint Memorandum"), state as follows:

Plaintiff has filed a three count complaint against Benedictine and the Individual Defendants (collectively, the "Defendants"), alleging causes of action for hostile work environment based on race and gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Illinois Civil Rights Act of 2006, 740 ILCS 24/1 *et. seq.*. Plaintiff's Complaint should be dismissed with prejudice because the allegations of the Complaint establish that Plaintiff does not have any

viable causes of action against the Defendants under Title VII, § 1981, or the Illinois Civil Rights Act.

## STANDARD OF REVIEW

In order to determine whether a plaintiff has stated a claim upon which relief can be granted, the complaint must give fair notice of what the claim is and the grounds upon which it rests. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). A party may plead himself out of court by pleading facts that establish an impenetrable defense to his claims. *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006). Plaintiff has done so in this case.

## ARGUMENT

**1.       Plaintiff's Complaint should be dismissed in its entirety as against Benedictine because Benedictine has no duty to indemnify Plaintiff.**

At ¶ 7 of his Complaint, Plaintiff alleges that he has added Benedictine to the Complaint "for the sole purpose of indemnification." Plaintiff has not alleged any facts that support a claim by Plaintiff against Benedictine for "indemnification" and Benedictine does not owe Plaintiff such a duty. The duty to indemnify arises from the relationship among tortfeasors and the right to indemnification may arise from contract or from situations in which a promise to indemnify can be implied from the relationship among the tortfeasors. *Frazer v. A.F. Munsterman, Inc.*, 123 Ill.2d 245, 255 (1988); *BCS Ins. Co. v. Guy Carpenter & Co.*, 490 F.3d 597, 603 (7th Cir. 2007). The duty to indemnify applies only to the relationship between the defendants, rather than to the relationship between a plaintiff and a defendant. Thus, to the extent that Benedictine has an obligation to indemnify the other defendants for any judgment, costs and fees assessed against them, that duty to indemnify is a matter between Benedictine and the individual defendants, and not between Benedictine and the Plaintiff.

**COUNT I—TITLE VII CLAIM**

**2.      Plaintiff's Title VII claim should be dismissed as against all of the Defendants.**

A.  Individual Defendants.

i.      <u>Count I of Plaintiff's Complaint must be dismissed as against the Individual Defendants to the extent that Plaintiff is suing them in their individual capacities because individual agents are not subject to liability under Title VII</u>.  Title VII authorizes suits against only the employer as an entity and not against individual people who are agents of the employer. *Passananti v. Cook County et al.,* 689 F.ed 655, 662 n.4 (7th Cir. 2012); *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995). Thus, the Individual Defendants cannot be held individually liable on Plaintiff's Title VII claim.

ii.      <u>Plaintiff's Title VII claim against all of the Individual Defendants in their official capacities must be dismissed due to the nature of the remedy sought against the Individual Defendants</u>.  Punitive damages are not available against defendants sued in their official capacities, *Alicea v. City of Chicago*, 2002 WL 1021553, at *3 (N.D. Ill. 2002), citing, *Hill v. Shelander,* 924 F.2d 1370, 1373 (7th Cir. 1990), and the only damages that Plaintiff is seeking in this case are punitive damages. (Complaint, ¶ 5 and Prayer for Relief).

iii.      <u>To the extent that Plaintiff seeks to sue the Individual Defendants in their official capacities, Plaintiff's Title VII claim also fails against Defendants Treisch, Masini and Keber because none of them exercise significant control over the terms and conditions of Plaintiff's employment</u>.  To properly sue an individual in their official capacity under Title VII, a plaintiff must plead that the employee is a supervisor who exercises "significant control over hiring, firing, or conditions of employment" over the Plaintiff.  *Murray v. Lichter*, 1995 WL 631794, at *6 (N.D. Ill. 1995); *Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 536, n.19 (7th Cir. 1993). In

3

this case, Plaintiff's Complaint reveals that Defendants Treisch, Masini, and Keber are co-workers, not supervisors, of Plaintiff and his Complaint contains no allegations that any of these Defendants exercised any significant authority over the terms and conditions of his employment; hence none of them can be subject to liability in their official capacity.

B. All Defendants.

Plaintiff's Title VII claim must be dismissed as against all of the Defendants because Plaintiff cannot establish the elements of a cause of action for hostile work environment. Plaintiff alleges that he was subjected to a hostile work environment on the basis of his race and gender in violation of Title VII. In order to state a claim for discrimination on the basis of a hostile work environment, Plaintiff must establish that: (1) he was subjected to unwelcome harassment; (2) the harassment was based on his race/sex; (3) the harassment was severe and pervasive enough to alter the conditions of his work environment by creating a hostile and abusive situation; and (4) there is a basis for employer liability. *Cole v. Board of Trustees of Northern Illinois University*, 838 F.3d 888, 895-96 (7th Cir. 2016) (citations omitted).

Plaintiff cannot satisfy the second element of a hostile work environment claim. To satisfy the second element, the alleged harassment must be "sufficiently connect[ed] to [the protected characteristic]" before it reasonably may be construed as being motivated by the defendant's hostility towards the plaintiff's [protected characteristic]. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 863-864 (7th Cir. 2005) (citations omitted) ("not every perceived unfairness in the workplace may be ascribed to discriminatory motivation merely because the complaining employee belongs to a racial minority"). None of Plaintiff's allegations indicate that any of the alleged harassing incidents occasioned by Defendants were based on Plaintiff's sex or

race. Plaintiff's allegations that form the basis of his lawsuit against the Defendants are as follows:

a) That in September 2013, Defendant Teisch "engaged in frequent, disruptive, loud tirades in which he often spoke using crude, offensive language" . . . and that "sometimes these tirades were directed at other employees, including Plaintiff, and other times they were heard on personal calls where the angry, loud, crude tones were disruptive to the workflow of others, including Plaintiff, in the area." (Cmplt. ¶ 14);

b) That in 2013, Defendant Keber yelled and wagged her finger in Plaintiff's face over an alleged email he sent, "which she said embarrassed her before her manager, as it appeared to accuse her of plagiarism." (Cmplt. ¶ 26; Exs. C, D)[1];

c) That in 2013, Defendant Masini delayed meeting with Plaintiff and then "laughed at" Plaintiff. (Cmplt. ¶ 29; Exs. C, D);

d) That on September 27, 2016 Defendant Teisch "harangued" the Marketing and Communications staff with aggressive, verbally abusive, demeaning, vulgar and derisive language for a lengthy period of time." (Cmplt. ¶ 17);

e) That on January 20, 2017, Defendant Teisch "loudly and angrily exclaimed to Plaintiff and another employee, while Defendant Teisch complained about a set-up of chairs, 'I could have measured the chairs better with my dick!'" (Cmplt. ¶ 20); and

---

[1]While Plaintiff alleges in ¶ 26 of his Complaint that this incident occurred in October, 2016, Exhibits C and D attached to the Complaint show that this alleged incident occurred at the end of 2013. [Doc. No. 1, Page ID#19-33, Exs. C-E]; *Forrest v. Universal Savings Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007); *Massey v. Merrill Lynch & Co.*, 464 F.3d 642 at 645 (where an exhibit and the complaint conflict, the exhibit typically controls).

f) That on March 3, 2017 a person who is not a party and who is not identified as an employee of Benedictine subjected Plaintiff to a "yelling tirade" in a staff meeting. (Cmplt. ¶ 31).

Nowhere in the Complaint or in the 37 pages of exhibits attached to the Complaint does Plaintiff allege that these comments, which he found offensive, were racial or sexual in nature. Plaintiff only merely asserts that the alleged harassing conduct involved various instances of "unprofessional behavior," which Plaintiff believed violated Defendant's Code of Conduct because Plaintiff believed he had a "right to work in a workplace free of aggressive, intimidating and verbally abusive behavior." [Doc. No. 1, Page ID#26, Ex.D]. This is not the law, however, as Title VII is not a general civility code. See, *Ford v. Minteq Shapes & Servs., Inc.*, 587 F.3d 845, 848 (7th Cir. 2009), citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118S.Ct. 2275, 141 L.Ed.2d 662 (1998)  (Title VII is not a general civility code and will not find liability based on the sporadic use of abusive language).

Plaintiff's Title VII claim should also be dismissed as against all of the Defendants to the extent that it is based on conduct occurring before March 15, 2016.  To bring a claim under Title VII, a plaintiff is required to exhaust his administrative remedies by filing a charge with the appropriate federal or state agency within 300 days of the alleged unlawful employment practice before filing suit in federal court. *Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997), citing 42 U.S.C. §§ 2000e-5(e). A charge that is filed beyond the 300-day window is time-barred and, in turn, cannot be the subject of a civil suit. *Id.*  Plaintiff filed his Charge with the EEOC on January 9, 2017 (Cmplt. Ex.A); thus, the only actions that can be considered in this lawsuit are those occurring on or after March 15, 2016.  As set forth at pages 5-6 of this Joint Memorandum, much of the conduct upon which Plaintiff bases his Title VII claim occurred

before March 15, 2016. The incidents occurring in 2013 and 2015 against Treisch, Keber and Masini are time-barred and cannot be considered as part of the basis for Plaintiff's Title VII claim. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (although the failure to exhaust administrative remedies is an affirmative defense, when a plaintiff's complaint sets out all the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate).

Even assuming the 2013 and 2015 incidents are sufficiently related to the 2016 and 2017 incidents alleged in the Complaint, the 2016 and 2017 incidents cannot save Plaintiff's untimely claims because as discussed above, the 2016 and 2017 incidents, like those alleged to have occurred in 2013 and 2015, have no relation to any of Plaintiff's protected characteristics. See e.g., *Speer v. Rand McNally & Co.*, 123 F.3d 658, 663-665 (7th Cir. 1997) (employee's allegations that, during the applicable limitations period, her employer yelled at her, did not make her feel as if she were part of the work group, and gave her a negative performance evaluation, were not allegations of a sexual nature, as required to rely on the continuing violation theory to extend the statute of limitations under Title VII).

Furthermore, even if Plaintiff's allegations can somehow be construed to show that the alleged harassing instances were plausibly based on his race or sex, Plaintiff fails to establish the fourth element of a cause of action under Title VII, that there is a basis for employer liability. In this case, Plaintiff's allegations of harassment are directed against co-workers—Chad Treisch and Hope Keber—and not his supervisors. In order to hold his employer liable for their harassment, Plaintiff must show that Benedictine was negligent in discovering or remedying the harassment by failing to take prompt and appropriate corrective action reasonably likely to prevent the harassment from recurring. *Williams v. Waste Mgmt of Illinois*, 361 F.3d 1021, 1029

(7th Cir. 2004). In this case, the Complaint and exhibits repeatedly show that Benedictine took appropriate corrective measures to remedy the alleged inappropriate conduct—albeit, apparently not to Plaintiff's subjective liking. (Cmplt. ¶¶ 16, 21); [Doc. No. 1, Page ID#20, 26, 42, 47, 56]. See e.g., *Cole v. Board of Trustees*, 838 F.3d at 897-98; *Scurlock v. Penthouse International Entertainment Consultants IEC*, 2017 WL 1908399, at *7 (S.D. Ill. 2017) (finding employer took reasonable care to prevent harassment by maintaining an anti-harassment policy, following that policy, and commencing an investigation into the allegations of harassment); *Mandy v. Quad/Graphics, Inc.*, 49 F.Supp.2d 1095, 1109 (E.D. Wis. 1999) (a complete halt to harassment is not always necessary for purposes of determining whether employer's response to alleged instances of employee harassment are reasonably calculated to prevent future harassment under Title VII). Therefore, Count I of Plaintiff's Complaint must be dismissed.

## COUNT II—SECTION 1981 CLAIM

3.      **Plaintiff's Count II § 1981 claim should be dismissed as against all Defendants.**

A. Defendant Michael Brophy

Count II of the Complaint should be dismissed as against Defendant Brophy since the Complaint contains no allegations that he personally participated in any discriminatory conduct against Plaintiff. An essential element of a claim against an individual defendant under § 1981 is a showing that the defendant personally participated in the alleged discriminatory conduct. *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 - 754 (7th Cir. 1985); *see also Pope v. Clerk of the Circuit Court of Cook County*, 2011 WL 1004640, at *2 (N.D. Ill. 2011). In this case, the Complaint does not contain any allegations that Defendant Brophy engaged in any discriminatory conduct against Plaintiff and so Count II of the Complaint should be dismissed as against Defendant Brophy.

B.  All Defendants

Count II of Plaintiff's Complaint should be dismissed as against all of the Defendants because Plaintiff fails to allege facts to support the elements of a cause of action under § 1981. In order to state a claim under 42 U.S.C. § 1981 in the employment context, an employee must show that 1) he is a member of a class protected by the statute, 2) he has been the subject of some form of adverse employment action or subjected to a hostile work environment, and 3) the employer took this adverse action on account of the plaintiff's membership in the protected class. *Adam v. Obama for America*, 210 F.Supp.3d 979, 984 (N.D. Ill. 2016) (citations omitted).

Plaintiff cannot satisfy the second element of this cause of action.  With respect to this element, a plaintiff must allege that [his] employer subjected [him] to adverse actions, which visits upon a plaintiff a significant change in employment status. *Adam*, 210 F.Supp.3d at 988. In this case Plaintiff does not allege that he has suffered any adverse employment action.

Plaintiff also fails to satisfy the third element of a § 1981 claim, that his employer took adverse action on account of plaintiff's race.  The gist of Plaintiff's § 1981 claim is that he was subjected to harassment and a hostile work environment by his co-workers and that his employer did not take remedial action.  (Cmplt. ¶¶ 54 – 59).  These conclusory allegations are not supported by the remaining allegations in Plaintiff's Complaint.  Plaintiff does not allege that Benedictine ignored his complaints about his co-workers. Instead, Plaintiff alleges that he was not satisfied with their response to the allegations. (Cmplt. ¶¶ 16, 33).  Moreover, Plaintiff does not allege that the conduct of his co-workers was directed at him or that their comments were racially offensive, as explained at pages 5-6 of this Joint Memorandum.  Instead, his complaint is that they were disrespectful and inappropriate.  Regardless of whether that is true, they do not rise to the level of a violation of § 1981.  Federal law does not protect against petty slights, minor

annoyances, and bad manners, and is not intended to reach every bigoted act or gesture that a worker might encounter in the workplace. *Adam*, 210 F.Supp.3d at 988; *Somoza v. Univ. of Denver*, 513 F.3d 1206, 1214-15 (10th Cir. 2008) (isolated incidents of coworker incivility at a meeting, including eye-rolling, laughing at plaintiff's opinions, and commenting behind his back, were not materially adverse). Here, Plaintiff, without connecting such allegations to his race, does nothing more than assert that he was repeatedly subjected to alleged rude and inappropriate language by his coworkers. (Cmplt. ¶¶ 12-34). The law is clear such allegations are insufficient to support a § 1981 race-based hostile work environment claim. *Adam*, 210 F.Supp.3d at 991 (collecting cases that stand for the proposition that rude or impolite interactions with co-workers are insufficient to support a claim for hostile work environment on a § 1981 claim).

## COUNT III—ILLINOIS CIVIL RIGHTS ACT CLAIM

**4.      Plaintiff's Count III claim under the Illinois Civil Rights Act should be dismissed as against all Defendants.**

The Illinois Civil Rights Act is not applicable in any way to Plaintiff's claims and therefore, such claim must be dismissed. The Illinois Civil Rights Act creates a civil cause of action where confessions have been compelled through force or threats of force, or where a person has suffered retaliatory action due to opposing an attempt to compel confession. *Hawkins v. City of Champaign, Ill.*, 2011 WL 2446312, at *6 (C.D. Ill. 2011), citing 740 ILCS 24/5. More specifically, § 5(c)(2) of that Act defines "retaliatory action," in relevant part, to mean a "change in the terms and conditions of employment that is taken in retaliation because he…has opposed or reported that which he…reasonably and in good faith believed to be ***the use of force or threat of imminent bodily harm to compel a confession or information regarding an offense,*** or because he…has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing, ***involving the use of force or threat of imminent bodily***

*harm to compel a confession or information regarding an offense.*" 740 ILCS 24/5(c)(2)

(emphasis added). There are no facts to even remotely show that Plaintiff was either subjected to

or reported on an action undertaken by any of the Defendants which involved the use of force or

threat of imminent bodily harm to compel a confession or information regarding an offense.

Furthermore, even if Plaintiff has stated such a claim, it falls outside this Court's supplemental

jurisdiction because it is not based on the same case or controversy as the federal claims asserted

by Plaintiff. 28 U.S.C. § 1367.

## CONCLUSION

WHEREFORE, Defendants collectively request that Plaintiff's Complaint be denied and

dismissed in its entirety, with prejudice, and for all such other relief as this Court deems just and

equitable.

RESPECTFULLY SUBMITTED,

BENEDICTINE UNIVERSITY, MICHAEL S.
BROPHY, CHAD TREISCH, MARCO MASINI
and HOPE KEBER

By: _____
One of Their Attorneys

Maureen A. Murphy
Jolianne S. Walters
Kopon Airdo, LLC
233 South Wacker Drive, Suite 4450
Chicago, IL 60606
312/506-4450
312/506-4460 Fax

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I served the foregoing *Defendants Joint Memorandum of Law in Support of Their Rule 12(b)(6) Motions to Dismiss Plaintiff's Complaint* by filing it electronically via the CM/ECF electronic filing system of the United States District Court for the Northern District of Illinois on July 5, 2017, which will cause the documents to be electronically sent to all parties of record.

/s/ Maureen A. Murphy