MAM/JSW/dw                                                                                          8-603-58-70

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELLIOTT E. PEPPERS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BENEDICTINE UNIVERSITY ("Benedictine") )<br>Michael S. Brophy, in his official capacity as )<br>Benedictine President; Chad Treisch, in his official )<br>Capacity as Benedictine Executive Director of )<br>Facilities and Planning; Marco Masini, in his )<br>official Capacity as Benedictine Vice President for )<br>Student Life; and Hope Keber, in her official )<br>capacity as Benedictine Counseling Center Director.)<br>)<br>Defendants. ) | Case No. 2017-cv-3387 |

## DEFENDANT, BENEDICTINE UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

NOW COMES Defendant, Benedictine University, ("Benedictine"), by and through its attorneys, Kopon Airdo, LLC, and moves to dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice. In support thereof, Benedictine submits Defendants' Joint Memorandum, filed contemporaneously herewith, and further states as follows:

1. Plaintiff has filed[1] a three-count Second Amended Complaint, ("SAC"), against Benedictine and four individual defendants alleging causes of action for

---

[1] While Plaintiff timely filed suit on May 4, 2017, in just another example of the numerous deficiencies within Plaintiff's complaint, he incorrectly alleges at ¶ 2 of the SAC that his filing deadline was July 4, 2017. On the contrary, his filing deadline was May 4, 2017, which was 90-days after he received his Notice of Right to Sue.

discrimination/harassment based on race and gender and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

2. Plaintiff's SAC should be dismissed in its entirety as against Benedictine because Plaintiff is not seeking redress against Benedictine for any wrongful conduct. At SAC ¶ 9, Plaintiff alleges that he has added Benedictine to the Complaint "for the sole purpose of indemnification." Plaintiff has not alleged any facts that support a claim by Plaintiff against Benedictine for "indemnification" to Plaintiff. More importantly, Benedictine does not owe Plaintiff such a duty.

3. Plaintiff's Count I Title VII claim should be dismissed, with prejudice, because the conduct alleged in support thereof does not, as a matter of law, state a claim for discrimination/harassment claim based on race and gender under Title VII. Furthermore, to the extent that the claim is based on conduct occurring before March 15, 2016, such claims are time-barred.

4. Plaintiff's Count II § 1981 claim should be dismissed, with prejudice, for failure to state a claim.

5. Plaintiff's Count III retaliation claim should be dismissed for failure to state a claim.

WHEREFORE, for the reasons set forth in this Motion and Defendants' Joint Memorandum in Support of their Motions to Dismiss, Defendant, Benedictine University, prays that this Honorable Court enter an Order granting its Motion to Dismiss Plaintiff's claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for such other relief as this Court deems just and equitable.

Respectfully Submitted,

BENEDICTINE UNIVERSITY

By: /s/ Maureen A. Murphy
One of Its Attorneys

Maureen A. Murphy
Jolianne S. Walters
Kopon Airdo, LLC
233 South Wacker Drive, Suite 4450
Chicago, IL 60606
312/506-4450
312/506-4460 Fax

## CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that I served the foregoing *Defendant Benedictine University's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6)* by filing it electronically via the CM/ECF electronic filing system of the United States District Court for the Northern District of Illinois on October 3, 2017, which will cause the documents to be electronically sent to all parties of record.

/s/ Maureen A. Murphy